IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Nos. 00-60718 & 01-60285
Summary Calendar

JOSEPH JONES,

Plaintiff-Appellee,

versus

CITY OF JACKSON, MISSISSIPPI; ET AL.,

Defendants,

CITY OF JACKSON, MISSISSIPPI,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CV-510-LN
--------------------
February 7, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges:

PER CURIAM:[*]

The City of Jackson, Mississippi, appeals from the judgment following a jury trial for Joseph Jackson and from the district court's order denying relief pursuant to FED. R. CIV. P. 60(b) and denying attorneys fees. We affirm.

Regarding the underlying judgment, the City contends solely that the district court should have directed the verdict in its favor because Jones failed to prove the elements necessary for municipal liability regarding Jones's claim that he was held in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jail without due process following the dismissal of city charges against him. But Gilbert Sturgis's testimony at trial provided a legally sufficient evidentiary basis for a reasonable jury to determine that whether or not he was a policymaker, he was authorized by appropriate city policymakers to devise policies and procedures for the operation of the jail; that Jones was kept in jail pursuant to Jackson City Jail practices; and that the due process deprivation in his case occurred pursuant to those policies. The district court did not err by denying the City's motion for judgment as a matter of law. See Piotrowski v. City of Houston, 237 F.3d 567 (5th Cir. 2001; Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1387 (5th Cir. 1996).

Regarding the denial of the Rule 60(b) motion, the City contends that Jones's post-judgment sentencing on outstanding convictions constitutes newly discovered evidence on which relief should have been granted. We agree with the district court that the jury knew, when deliberating on the case, that Judge Hilbun still intended to sentence Jones on the outstanding burglary charges. Judge Hilbun's intent, however, and the subsequent course of Jones's case do not as a matter of law relieve the City's responsibility for allowing Jones to remain in jail without any contemporaneous basis for his incarceration. Various events could have derailed the later sentencing. Thus, "evidence" was not "newly discovered" and not significant enough to require relief from the judgment.

Finally, regarding the denial of attorneys' fees, the City states that it was entitled to fees because Jones had no

grounds for suing three of the municipal defendants and because Jones's claim against a fourth was dismissed at the close of testimony.  As the district court noted, the City has not shown that the suit was frivolous or groundless against those parties.

**AFFIRMED.**